42 U.S.C.A. § 18071

§ 18071. Reduced cost-sharing for individuals enrolling in qualified health plans

**(a) In general**

In the case of an eligible insured enrolled in a qualified health plan--

**(1)** the Secretary shall notify the issuer of the plan of such eligibility; and

**(2)** the issuer shall reduce the cost-sharing under the plan at the level and in the manner specified in subsection (c).

**(b) Eligible insured**

In this section, the term "eligible insured" means an individual--

**(1)** who enrolls in a qualified health plan in the silver level of coverage in the individual market offered through an Exchange; and

**(2)** whose household income exceeds 100 percent but does not exceed 400 percent of the poverty line for a family of the size involved.

In the case of an individual described in section 36B(c)(1)(B) of Title 26, the individual shall be treated as having household income equal to 100 percent for purposes of applying this section.

**(c) Determination of reduction in cost-sharing**

**(1) Reduction in out-of-pocket limit**

**(A) In general**

The reduction in cost-sharing under this subsection shall first be achieved by reducing the applicable out-of-pocket[1] limit under section 18022(c)(1) of this title in the case of--

**(i)** an eligible insured whose household income is more than 100 percent but not more than 200 percent of the poverty line for a family of the size involved, by two-thirds;

**(ii)** an eligible insured whose household income is more than 200 percent but not more than 300 percent of the poverty line for a family of the size involved, by one-half; and

**(iii)** an eligible insured whose household income is more than 300 percent but not more than 400 percent of the poverty line for a family of the size involved, by one-third.

### (B) Coordination with actuarial value limits

### (i) In general

The Secretary shall ensure the reduction under this paragraph shall not result in an increase in the plan's share of the total allowed costs of benefits provided under the plan above--

**(I)** 94 percent in the case of an eligible insured described in paragraph (2)(A);

**(II)** 87 percent in the case of an eligible insured described in paragraph (2)(B);

**(III)** 73 percent in the case of an eligible insured whose household income is more than 200 percent but not more than 250 percent of the poverty line for a family of the size involved; and

**(IV)** 70 percent in the case of an eligible insured whose household income is more than 250 percent but not more than 400 percent of the poverty line for a family of the size involved.

### (ii) Adjustment

The Secretary shall adjust the out-of pocket limits under paragraph (1) if necessary to ensure that such limits do not cause the respective actuarial values to exceed the levels specified in clause (i).

### (2) Additional reduction for lower income insureds

The Secretary shall establish procedures under which the issuer of a qualified health plan to which this section applies shall further reduce cost-sharing under the plan in a manner sufficient to--

**(A)** in the case of an eligible insured whose household income is not less than 100 percent but not more than 150 percent of the poverty line for a family of the size involved, increase the plan's share of the total allowed costs of benefits provided under the plan to 94 percent of such costs;

**(B)** in the case of an eligible insured whose household income is more than 150 percent but not more than 200 percent of the poverty line for a family of the size involved, increase the plan's share of the total allowed costs of benefits provided under the plan to 87 percent of such costs; and

**(C)** in the case of an eligible insured whose household income is more than 200 percent but not more than 250 percent of the poverty line for a family of the size involved, increase the plan's share of the total allowed costs of benefits provided under the plan to 73 percent of such costs.

### (3) Methods for reducing cost-sharing

#### (A) In general

An issuer of a qualified health plan making reductions under this subsection shall notify the Secretary of such reductions and the Secretary shall make periodic and timely payments to the issuer equal to the value of the reductions.

#### (B) Capitated payments

The Secretary may establish a capitated payment system to carry out the payment of cost-sharing reductions under this section. Any such system shall take into account the value of the reductions and make appropriate risk adjustments to such payments.

### (4) Additional benefits

If a qualified health plan under section 18022(b)(5) of this title offers benefits in addition to the essential health benefits required to be provided by the plan, or a State requires a qualified health plan under section 18031(d)(3)(B) of this title to cover benefits in addition to the essential health benefits required to be provided by the plan, the reductions in cost-sharing under this section shall not apply to such additional benefits.

### (5) Special rule for pediatric dental plans

If an individual enrolls in both a qualified health plan and a plan described in section 18031(d)(2)(B)(ii)(I)[2] of this title for any plan year, subsection (a) shall not apply to that portion of any reduction in cost-sharing under subsection (c) that (under regulations prescribed by the Secretary) is properly allocable to pediatric dental benefits which are included in the essential health benefits required to be provided by a qualified health plan under section 18022(b)(1)(J) of this title.

## (d) Special rules for Indians

### (1) Indians under 300 percent of poverty

If an individual enrolled in any qualified health plan in the individual market through an Exchange is an Indian (as defined in section 5304(d) of Title 25) whose household income is not more than 300 percent of the poverty line for a family of the size involved, then, for purposes of this section--

**(A)** such individual shall be treated as an eligible insured; and

**(B)** the issuer of the plan shall eliminate any cost-sharing under the plan.

**(2) Items or services furnished through Indian health providers**

If an Indian (as so defined) enrolled in a qualified health plan is furnished an item or service directly by the Indian Health Service, an Indian Tribe, Tribal Organization, or Urban Indian Organization or through referral under contract health services--

**(A)** no cost-sharing under the plan shall be imposed under the plan for such item or service; and

**(B)** the issuer of the plan shall not reduce the payment to any such entity for such item or service by the amount of any cost-sharing that would be due from the Indian but for subparagraph (A).

**(3) Payment**

The Secretary shall pay to the issuer of a qualified health plan the amount necessary to reflect the increase in actuarial value of the plan required by reason of this subsection.

**(e) Rules for individuals not lawfully present**

**(1) In general**

If an individual who is an eligible insured is not lawfully present--

**(A)** no cost-sharing reduction under this section shall apply with respect to the individual; and

**(B)** for purposes of applying this section, the determination as to what percentage a taxpayer's household income bears to the poverty level for a family of the size involved shall be made under one of the following methods:

**(i)** A method under which--

**(I)** the taxpayer's family size is determined by not taking such individuals into account, and

**(II)** the taxpayer's household income is equal to the product of the taxpayer's household income (determined without regard to this subsection) and a fraction--

**(aa)** the numerator of which is the poverty line for the taxpayer's family size determined after

application of subclause (I), and

**(bb)** the denominator of which is the poverty line for the taxpayer's family size determined without regard to subclause (I).

**(ii)** A comparable method reaching the same result as the method under clause (i).

### (2) Lawfully present

For purposes of this section, an individual shall be treated as lawfully present only if the individual is, and is reasonably expected to be for the entire period of enrollment for which the cost-sharing reduction under this section is being claimed, a citizen or national of the United States or an alien lawfully present in the United States.

### (3) Secretarial authority

The Secretary, in consultation with the Secretary of the Treasury, shall prescribe rules setting forth the methods by which calculations of family size and household income are made for purposes of this subsection. Such rules shall be designed to ensure that the least burden is placed on individuals enrolling in qualified health plans through an Exchange and taxpayers eligible for the credit allowable under this section.

## (f) Definitions and special rules

In this section:

### (1) In general

Any term used in this section which is also used in section 36B of Title 26 shall have the meaning given such term by such section.

### (2) Limitations on reduction

No cost-sharing reduction shall be allowed under this section with respect to coverage for any month unless the month is a coverage month with respect to which a credit is allowed to the insured (or an applicable taxpayer on behalf of the insured) under section 36B of such title.

### (3) Data used for eligibility

Any determination under this section shall be made on the basis of the taxable year for which the advance determination is made under section 18082 of this title and not the taxable year for which the credit under section 36B of Title 26 is allowed.

42 U.S.C.A. § 18082

### § 18082. Advance determination and payment of premium tax credits and cost-sharing reductions

**(a) In general**

The Secretary, in consultation with the Secretary of the Treasury, shall establish a program under which--

**(1)** upon request of an Exchange, advance determinations are made under section 18081 of this title with respect to the income eligibility of individuals enrolling in a qualified health plan in the individual market through the Exchange for the premium tax credit allowable under section 36B of Title 26 and the cost-sharing reductions under section 18071 of this title;

**(2)** the Secretary notifies--

**(A)** the Exchange and the Secretary of the Treasury of the advance determinations; and

**(B)** the Secretary of the Treasury of the name and employer identification number of each employer with respect to whom 1 or more employee[1] of the employer were determined to be eligible for the premium tax credit under section 36B of Title 26 and the cost-sharing reductions under section 18071 of this title because--

**(i)** the employer did not provide minimum essential coverage; or

**(ii)** the employer provided such minimum essential coverage but it was determined under section 36B(c)(2)(C) of Title 26 to either be unaffordable to the employee or not provide the required minimum actuarial value; and

**(3)** the Secretary of the Treasury makes advance payments of such credit or reductions to the issuers of the qualified health plans in order to reduce the premiums payable by individuals eligible for such credit.

**(b) Advance determinations**

**(1) In general**

The Secretary shall provide under the program established under subsection (a) that advance determination of eligibility with respect to any individual shall be made--

**(A)** during the annual open enrollment period applicable to the individual (or such other enrollment period as may be specified by the Secretary); and

**(B)** on the basis of the individual's household income for the most recent taxable year for which the Secretary, after consultation with the Secretary of the Treasury, determines information is available.

## (2) Changes in circumstances

The Secretary shall provide procedures for making advance determinations on the basis of information other than that described in paragraph (1)(B) in cases where information included with an application form demonstrates substantial changes in income, changes in family size or other household circumstances, change in filing status, the filing of an application for unemployment benefits, or other significant changes affecting eligibility, including--

**(A)** allowing an individual claiming a decrease of 20 percent or more in income, or filing an application for unemployment benefits, to have eligibility for the credit determined on the basis of household income for a later period or on the basis of the individual's estimate of such income for the taxable year; and

**(B)** the determination of household income in cases where the taxpayer was not required to file a return of tax imposed by this chapter for the second preceding taxable year.

## (c) Payment of premium tax credits and cost-sharing reductions

### (1) In general

The Secretary shall notify the Secretary of the Treasury and the Exchange through which the individual is enrolling of the advance determination under section 18081 of this title.

### (2) Premium tax credit

#### (A) In general

The Secretary of the Treasury shall make the advance payment under this section of any premium tax credit allowed under section 36B of Title 26 to the issuer of a qualified health plan on a monthly basis (or such other periodic basis as the Secretary may provide).

#### (B) Issuer responsibilities

An issuer of a qualified health plan receiving an advance payment with respect to an individual enrolled in the plan shall--

**(i)** reduce the premium charged the insured for any period by the amount of the advance payment for the period;

**(ii)** notify the Exchange and the Secretary of such reduction;

**(iii)** include with each billing statement the amount by which the premium for the plan has been reduced by reason of the advance payment; and

**(iv)** in the case of any nonpayment of premiums by the insured--

**(I)** notify the Secretary of such nonpayment; and

**(II)** allow a 3-month grace period for nonpayment of premiums before discontinuing coverage.

### (3) Cost-sharing reductions

The Secretary shall also notify the Secretary of the Treasury and the Exchange under paragraph (1) if an advance payment of the cost-sharing reductions under section 18071 of this title is to be made to the issuer of any qualified health plan with respect to any individual enrolled in the plan. The Secretary of the Treasury shall make such advance payment at such time and in such amount as the Secretary specifies in the notice.

### (d) No Federal payments for individuals not lawfully present

Nothing in this subtitle or the amendments made by this subtitle allows Federal payments, credits, or cost-sharing reductions for individuals who are not lawfully present in the United States.

### (e) State flexibility

Nothing in this subtitle or the amendments made by this subtitle shall be construed to prohibit a State from making payments to or on behalf of an individual for coverage under a qualified health plan offered through an Exchange that are in addition to any credits or cost-sharing reductions allowable to the individual under this subtitle and such amendments.

26 U.S.C.A. § 36B

## § 36B. Refundable credit for coverage under a qualified health plan

**(a) In general.**--In the case of an applicable taxpayer, there shall be allowed as a credit against the tax imposed by this subtitle for any taxable year an amount equal to the premium assistance credit amount of the taxpayer for the taxable year.

**(b) Premium assistance credit amount.**--For purposes of this section--

**(1) In general.**--The term "premium assistance credit amount" means, with respect to any taxable year, the sum of the premium assistance amounts determined under paragraph (2) with respect to all coverage months of the taxpayer occurring during the taxable year.

**(2) Premium assistance amount.**--The premium assistance amount determined under this subsection with respect to any coverage month is the amount equal to the lesser of--

**(A)** the monthly premiums for such month for 1 or more qualified health plans offered in the individual market within a State which cover the taxpayer, the taxpayer's spouse, or any dependent (as defined in section 152) of the taxpayer and which were enrolled in through an Exchange established by the State under 1311[1] of the Patient Protection and Affordable Care Act, or

**(B)** the excess (if any) of--

**(i)** the adjusted monthly premium for such month for the applicable second lowest cost silver plan with respect to the taxpayer, over

**(ii)** an amount equal to $1/12$ of the product of the applicable percentage and the taxpayer's household income for the taxable year.

**(3) Other terms and rules relating to premium assistance amounts.**--For purposes of paragraph (2)--

**(A) Applicable percentage.**--

**(i) In general.**--Except as provided in clause (ii), the applicable percentage for any taxable year shall be the percentage such that the applicable percentage for any taxpayer whose household income is within an income tier specified in the following table shall increase, on a sliding scale in a linear manner, from the initial premium percentage to the final premium percentage specified in such table for such income tier:

| In the case of household income (expressed as a percent of poverty line) within the following income tier: | The initial premium percentage is-- | The final premium percentage is-- |
|---|---|---|
| Up to 133% | 2.0% | 2.0% |
| 133% up to 150% | 3.0% | 4.0% |
| 150% up to 200% | 4.0% | 6.3% |
| 200% up to 250% | 6.3% | 8.05% |
| 250% up to 300% | 8.05% | 9.5% |
| 300% up to 400% | 9.5% | 9.5% |

**(ii) Indexing.--**

**(I) In general.**--Subject to subclause (II), in the case of taxable years beginning in any calendar year after 2014, the initial and final applicable percentages under clause (i) (as in effect for the preceding calendar year after application of this clause) shall be adjusted to reflect the excess of the rate of premium growth for the preceding calendar year over the rate of income growth for the preceding calendar year.

**(II) Additional adjustment.**--Except as provided in subclause (III), in the case of any calendar year after 2018, the percentages described in subclause (I) shall, in addition to the adjustment under subclause (I), be adjusted to reflect the excess (if any) of the rate of premium growth estimated under subclause (I) for the preceding calendar year over the rate of growth in the consumer price index for the preceding calendar year.

**(III) Failsafe.**--Subclause (II) shall apply for any calendar year only if the aggregate amount of premium tax credits under this section and cost-sharing reductions under section 1402 of the Patient Protection and Affordable Care Act for the preceding calendar year exceeds an amount equal to 0.504 percent of the gross domestic product for the preceding calendar year.

[**(iii) Repealed.** Pub.L. 111-152, Title I, § 1001(a)(1)(B), Mar. 30, 2010, 124 Stat. 1031]

**(B) Applicable second lowest cost silver plan.**--The applicable second lowest cost silver plan with respect to any applicable taxpayer is the second lowest cost silver plan of the individual market in the rating area in which the taxpayer resides which--

**(i)** is offered through the same Exchange through which the qualified health plans taken into account under paragraph (2)(A) were offered, and

**(ii)** provides--

**(I)** self-only coverage in the case of an applicable taxpayer--

**(aa)** whose tax for the taxable year is determined under section 1(c) (relating to unmarried individuals other than surviving spouses and heads of households) and who is not allowed a deduction under section 151 for the taxable year with respect to a dependent, or

**(bb)** who is not described in item (aa) but who purchases only self-only coverage, and

**(II)** family coverage in the case of any other applicable taxpayer.

If a taxpayer files a joint return and no credit is allowed under this section with respect to 1 of the spouses by reason of subsection (e), the taxpayer shall be treated as described in clause (ii)(I) unless a deduction is allowed under section 151 for the taxable year with respect to a dependent other than either spouse and subsection (e) does not apply to the dependent.

**(C) Adjusted monthly premium.**--The adjusted monthly premium for an applicable second lowest cost silver plan is the monthly premium which would have been charged (for the rating area with respect to which the premiums under paragraph (2)(A) were determined) for the plan if each individual covered under a qualified health plan taken into account under paragraph (2)(A) were covered by such silver plan and the premium was adjusted only for the age of each such individual in the manner allowed under section 2701 of the Public Health Service Act. In the case of a State participating in the wellness discount demonstration project under section 2705(d) of the Public Health Service Act, the adjusted monthly premium shall be determined without regard to any premium discount or rebate under such project.

**(D) Additional benefits.**--If--

**(i)** a qualified health plan under section 1302(b)(5) of the Patient Protection and Affordable Care Act offers benefits in addition to the essential health benefits required to be provided by the plan, or

**(ii)** a State requires a qualified health plan under section 1311(d)(3)(B) of such Act to cover benefits in addition to the essential health benefits required to be provided by the plan,

the portion of the premium for the plan properly allocable (under rules prescribed by the Secretary of Health and Human Services) to such additional benefits shall not be taken into account in determining either the monthly premium or the adjusted monthly premium under paragraph (2).

**(E) Special rule for pediatric dental coverage.**--For purposes of determining the amount of any monthly premium, if an individual enrolls in both a qualified health plan and a plan described in section 1311(d)(2)(B)(ii)(I)[2] of the Patient Protection and Affordable Care Act for any plan year, the portion of the premium for the plan described in such section that (under regulations prescribed by the Secretary) is properly allocable to pediatric dental benefits which are included in the essential health benefits required to be provided by a qualified health plan under section 1302(b)(1)(J) of such Act shall be treated as a premium payable for a qualified health plan.

**(c) Definition and rules relating to applicable taxpayers, coverage months, and qualified health plan.**--For purposes of this section--

**(1) Applicable taxpayer.--**

**(A) In general.**--The term "applicable taxpayer" means, with respect to any taxable year, a taxpayer whose household income for the taxable year equals or exceeds 100 percent but does not exceed 400 percent of an amount equal to the poverty line for a family of the size involved.

**(B) Special rule for certain individuals lawfully present in the United States.**--If--

**(i)** a taxpayer has a household income which is not greater than 100 percent of an amount equal to the poverty line for a family of the size involved, and

**(ii)** the taxpayer is an alien lawfully present in the United States, but is not eligible for the medicaid program under title XIX of the Social Security Act by reason of such alien status,

the taxpayer shall, for purposes of the credit under this section, be treated as an applicable taxpayer with a household income which is equal to 100 percent of the poverty line for a family of the size involved.

**(C) Married couples must file joint return.**--If the taxpayer is married (within the meaning of section 7703) at the close of the taxable year, the taxpayer shall be treated as an applicable taxpayer only if the taxpayer and the taxpayer's spouse file a joint return for the taxable year.

**(D) Denial of credit to dependents.**--No credit shall be allowed under this section to any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which such individual's taxable year begins.

**(2) Coverage month.**--For purposes of this subsection--

**(A) In general.**--The term "coverage month" means, with respect to an applicable taxpayer, any month if--

**(i)** as of the first day of such month the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer is covered by a qualified health plan described in subsection (b)(2)(A) that was enrolled in through an Exchange established by the State under section 1311 of the Patient Protection and Affordable Care Act, and

**(ii)** the premium for coverage under such plan for such month is paid by the taxpayer (or through advance payment of the credit under subsection (a) under section 1412 of the Patient Protection and Affordable Care Act).

**(B) Exception for minimum essential coverage.**--

**(i) In general.**--The term "coverage month" shall not include any month with respect to an individual if for such month the individual is eligible for minimum essential coverage other than eligibility for coverage described in section 5000A(f)(1)(C) (relating to coverage in the individual market).

**(ii) Minimum essential coverage.**--The term "minimum essential coverage" has the meaning given such term by section 5000A(f).

**(C) Special rule for employer-sponsored minimum essential coverage.**--For purposes of subparagraph (B)--

**(i) Coverage must be affordable.**--Except as provided in clause (iii), an employee shall not be treated as eligible for minimum essential coverage if such coverage--

**(I)** consists of an eligible employer-sponsored plan (as defined in section 5000A(f)(2)), and

**(II)** the employee's required contribution (within the meaning of section 5000A(e)(1)(B)) with respect to the plan exceeds 9.5 percent of the applicable taxpayer's household income.

This clause shall also apply to an individual who is eligible to enroll in the plan by reason of

a relationship the individual bears to the employee.

**(ii) Coverage must provide minimum value.**--Except as provided in clause (iii), an employee shall not be treated as eligible for minimum essential coverage if such coverage consists of an eligible employer-sponsored plan (as defined in section 5000A(f)(2)) and the plan's share of the total allowed costs of benefits provided under the plan is less than 60 percent of such costs.

**(iii) Employee or family must not be covered under employer plan.**--Clauses (i) and (ii) shall not apply if the employee (or any individual described in the last sentence of clause (i)) is covered under the eligible employer-sponsored plan or the grandfathered health plan.

**(iv) Indexing.**--In the case of plan years beginning in any calendar year after 2014, the Secretary shall adjust the 9.5 percent under clause (i)(II) in the same manner as the percentages are adjusted under subsection (b)(3)(A)(ii).

[**(D) Repealed.** Pub.L. 112-10, Div. B, Title VIII, § 1858(b)(1), Apr. 15, 2011, 125 Stat. 168]

**(3) Definitions and other rules.**--

**(A) Qualified health plan.**--The term "qualified health plan" has the meaning given such term by section 1301(a) of the Patient Protection and Affordable Care Act, except that such term shall not include a qualified health plan which is a catastrophic plan described in section 1302(e) of such Act.

**(B) Grandfathered health plan.**--The term "grandfathered health plan" has the meaning given such term by section 1251 of the Patient Protection and Affordable Care Act.

**(d) Terms relating to income and families.**--For purposes of this section--

**(1) Family size.**--The family size involved with respect to any taxpayer shall be equal to the number of individuals for whom the taxpayer is allowed a deduction under section 151 (relating to allowance of deduction for personal exemptions) for the taxable year.

**(2) Household income.**--

**(A) Household income.**--The term "household income" means, with respect to any taxpayer, an amount equal to the sum of--

**(i)** the modified adjusted gross income of the taxpayer, plus

**(ii)** the aggregate modified adjusted gross incomes of all other individuals who--

**(I)** were taken into account in determining the taxpayer's family size under paragraph (1), and

**(II)** were required to file a return of tax imposed by section 1 for the taxable year.

**(B) Modified adjusted gross income.**--The term "modified adjusted gross income" means adjusted gross income increased by--

**(i)** any amount excluded from gross income under section 911,

**(ii)** any amount of interest received or accrued by the taxpayer during the taxable year which is exempt from tax, and

**(iii)** an amount equal to the portion of the taxpayer's social security benefits (as defined in section 86(d)) which is not included in gross income under section 86 for the taxable year.

**(3) Poverty line.--**

**(A) In general.**--The term "poverty line" has the meaning given that term in section 2110(c)(5) of the Social Security Act (42 U.S.C. 1397jj(c)(5)).

**(B) Poverty line used.**--In the case of any qualified health plan offered through an Exchange for coverage during a taxable year beginning in a calendar year, the poverty line used shall be the most recently published poverty line as of the 1st day of the regular enrollment period for coverage during such calendar year.

**(e) Rules for individuals not lawfully present.--**

**(1) In general.**--If 1 or more individuals for whom a taxpayer is allowed a deduction under section 151 (relating to allowance of deduction for personal exemptions) for the taxable year (including the taxpayer or his spouse) are individuals who are not lawfully present--

**(A)** the aggregate amount of premiums otherwise taken into account under clauses (i) and (ii) of subsection (b)(2)(A) shall be reduced by the portion (if any) of such premiums which is attributable to such individuals, and

**(B)** for purposes of applying this section, the determination as to what percentage a taxpayer's household income bears to the poverty level for a family of the size involved shall be made under one of the following methods:

**(i)** A method under which--

**(I)** the taxpayer's family size is determined by not taking such individuals into account, and

**(II)** the taxpayer's household income is equal to the product of the taxpayer's household income (determined without regard to this subsection) and a fraction--

**(aa)** the numerator of which is the poverty line for the taxpayer's family size determined after application of subclause (I), and

**(bb)** the denominator of which is the poverty line for the taxpayer's family size determined without regard to subclause (I).

**(ii)** A comparable method reaching the same result as the method under clause (i).

**(2) Lawfully present.**--For purposes of this section, an individual shall be treated as lawfully present only if the individual is, and is reasonably expected to be for the entire period of enrollment for which the credit under this section is being claimed, a citizen or national of the United States or an alien lawfully present in the United States.

**(3) Secretarial authority.**--The Secretary of Health and Human Services, in consultation with the Secretary, shall prescribe rules setting forth the methods by which calculations of family size and household income are made for purposes of this subsection. Such rules shall be designed to ensure that the least burden is placed on individuals enrolling in qualified health plans through an Exchange and taxpayers eligible for the credit allowable under this section.

**(f) Reconciliation of credit and advance credit.**--

**(1) In general.**--The amount of the credit allowed under this section for any taxable year shall be reduced (but not below zero) by the amount of any advance payment of such credit under section 1412 of the Patient Protection and Affordable Care Act.

**(2) Excess advance payments.**--

**(A) In general.**--If the advance payments to a taxpayer under section 1412 of the Patient Protection and Affordable Care Act for a taxable year exceed the credit allowed by this section (determined without regard to paragraph (1)), the tax imposed by this chapter for the taxable year shall be increased by the amount of such excess.

**(B) Limitation on increase.--**

**(i) In general.**--In the case of a taxpayer whose household income is less than 400 percent of the poverty line for the size of the family involved for the taxable year, the amount of the increase under subparagraph (A) shall in no event exceed the applicable dollar amount determined in accordance with the following table (one-half of such amount in the case of a taxpayer whose tax is determined under section 1(c) for the taxable year):

| If the household income (expressed as a percent of poverty line) is: | The applicable dollar amount is: |
| --- | --- |
| Less than 200 | $600 |
| At least 200% but less than 300 | $1,500 |
| At least 300% but less than 400 | $2,500. |

**(ii) Indexing of amount.**--In the case of any calendar year beginning after 2014, each of the dollar amounts in the table contained under clause (i) shall be increased by an amount equal to--

**(I)** such dollar amount, multiplied by

**(II)** the cost-of-living adjustment determined under section 1(f)(3) for the calendar year, determined by substituting "calendar year 2013" for "calendar year 1992" in subparagraph (B) thereof.

If the amount of any increase under clause (i) is not a multiple of $50, such increase shall be rounded to the next lowest multiple of $50.

**(3) Information requirement.**--Each Exchange (or any person carrying out 1 or more responsibilities of an Exchange under section 1311(f)(3) or 1321(c) of the Patient Protection and Affordable Care Act) shall provide the following information to the Secretary and to the taxpayer with respect to any health plan provided through the Exchange:

**(A)** The level of coverage described in section 1302(d) of the Patient Protection and Affordable Care Act and the period such coverage was in effect.

**(B)** The total premium for the coverage without regard to the credit under this section or cost-sharing reductions under section 1402 of such Act.

**(C)** The aggregate amount of any advance payment of such credit or reductions under section 1412 of such Act.

**(D)** The name, address, and TIN of the primary insured and the name and TIN of each other individual obtaining coverage under the policy.

**(E)** Any information provided to the Exchange, including any change of circumstances, necessary to determine eligibility for, and the amount of, such credit.

**(F)** Information necessary to determine whether a taxpayer has received excess advance payments.

**(g) Regulations.**--The Secretary shall prescribe such regulations as may be necessary to carry out the provisions of this section, including regulations which provide for--

**(1)** the coordination of the credit allowed under this section with the program for advance payment of the credit under section 1412 of the Patient Protection and Affordable Care Act, and

**(2)** the application of subsection (f) where the filing status of the taxpayer for a taxable year is different from such status used for determining the advance payment of the credit.

31 U.S.C.A. § 1324

§ 1324. Refund of internal revenue collections

(a) Necessary amounts are appropriated to the Secretary of the Treasury for refunding internal revenue collections as provided by law, including payment of--

(1) claims for prior fiscal years; and

(2) accounts arising under--

(A) "Allowance or drawback (Internal Revenue)";

(B) "Redemption of stamps (Internal Revenue)";

(C) "Refunding legacy taxes, Act of March 30, 1928";

(D) "Repayment of taxes on distilled spirits destroyed by casualty"; and

(E) "Refunds and payments of processing and related taxes".

(b) Disbursements may be made from the appropriation made by this section only for--

(1) refunds to the limit of liability of an individual tax account; and

(2) refunds due from credit provisions of the Internal Revenue Code of 1986 (26 U.S.C. 1 et seq.) enacted before January 1, 1978, or enacted by the Taxpayer Relief Act of 1997, or from section 25A, 35, 36, 36A, 36B, 168(k)(4)(F), 53(e), 54B(h), or 6431 of such Code, or due under section 3081(b)(2) of the Housing Assistance Tax Act of 2008.