XAVIER BECERRA
Attorney General of California
JULIE WENG-GUTIERREZ
Senior Assistant Attorney General
GREGORY D. BROWN, SBN 219209
NIMROD P. ELIAS, SBN 251634
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5841
  Fax: (415) 703-5480
  E-mail: Nimrod.Elias@doj.ca.gov
*Attorneys for Plaintiff the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE STATE OF CALIFORNIA; THE STATE OF CONNECTICUT; THE STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; THE STATE OF ILLINOIS; THE STATE OF IOWA; THE COMMONWEALTH OF KENTUCKY; THE STATE OF MARYLAND; THE COMMONWEALTH OF MASSACHUSETTS; THE STATE OF MINNESOTA; THE STATE OF NEW MEXICO; THE STATE OF NEW YORK; THE STATE OF NORTH CAROLINA; THE STATE OF OREGON; THE COMMONWEALTH OF PENNSYLVANIA; THE STATE OF RHODE ISLAND; THE STATE OF VERMONT; THE COMMONWEALTH OF VIRGINIA; and THE STATE OF WASHINGTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD J. TRUMP, President of the United States; ERIC D. HARGAN, Acting Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; STEVEN T. MNUCHIN, Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; and DOES 1-20,**<br><br>Defendants. | Case No. 4:17-cv-05895-KAW<br><br>**DECLARATION OF AL REDMER, JR., COMMISSIONER, MARYLAND INSURANCE ADMINISTRATION, ISO PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

1

LARRY HOGAN
Governor

BOYD K. RUTHERFORD
Lt. Governor



**MARYLAND**

## INSURANCE
## ADMINISTRATION

AL REDMER, JR.
Commissioner

NANCY GRODIN
Deputy Commissioner

200 St. Paul Place, Suite 2700, Baltimore, Maryland 21202
Direct Dial: 410-468-2090     Fax: 410-468-2020
Email: al.redmer@maryland.gov
410-468-2000   1-800-492-6116
TTY: 1-800-735-2258
www.insurance.maryland.gov

I, Al Redmer, Jr., declare and say as follows:

1. I am the Insurance Commissioner for the State of Maryland. I was appointed by Governor Lawrence J. Hogan, Jr. in January 2015, and I was also previously Commissioner from June 2003 to October 2005. As Commissioner, I am the head of the Maryland Insurance Administration and also responsible for enforcing the statutes and regulations applicable to those carriers that are engaged in the business of insurance in Maryland. The facts stated herein are of my own personal knowledge.

2. In Maryland, carriers that issue or deliver health benefit plans in the State must submit premium rates to the Commissioner for approval and may not change the premium charged unless and until the rate has been filed with and approved by the Commissioner. Md. Code Ann. Ins. Art. § 11-603.

3. In Maryland, as of March 31, 2017, 243,420 individuals are insured by individual health benefit plans approved by the Administration.

4. Proposed premium rates in the individual and small group markets are reviewed based on statistical analysis and reasonable assumptions to determine if they inadequate, unfairly discriminatory or excessive in relation to benefits. In determining whether to disapprove or modify a premium rate filing by a carrier, the Commissioner considers, to the extent appropriate:

    a.    past and prospective loss experience in and outside the State;

    b.    underwriting practice and judgment;

    c.    a reasonable margin for reserve needs;

    d.    past and prospective expenses, both countrywide and those specifically applicable to the State; and

    e.    any other relevant factors in and outside the State.

5. The statutory rate review process serves a vital public purpose. All rate filings and supporting information not deemed confidential commercial information by the Administration are open to public inspection when filed and subject to public comment filing.

6. The rate review process also provides the Commissioner with an opportunity as a regulator of health plans to review proposed rates and announce to the public whether proposed rates are actuarially sound.

7. Statistics reported by the Maryland Health Benefit Exchange show that over 83,000 individuals in Maryland are projected to receive approximately over $97 million in cost-sharing reductions in calendar year 2017.

8. For the 2018 plan year, carriers filed requests for premium rate changes with the Maryland Insurance Administration on May 1, 2017. These proposed rates were posted on the Administration's website and exposed to the public for public comment. Public Hearings were held on Wednesday, June 21, 2017 and Monday, July 17, 2017.

9. On August 29, 2017, I approved 2018 rates based on the assumption that cost-sharing reduction payments would be funded through the 2018 plan year.

10. Approved 2018 rates were loaded into Maryland's Health Benefit Exchange shopping website. Approximately 50,000 viewers have logged on to the Exchange's website and viewed the 2018 rates currently listed.

11. By law, health benefit plans must provide cost-sharing reductions to consumers, regardless of whether they are funded. If the federal government does not reimburse health plans for cost-sharing reductions, the carriers that sell health benefit plans will need to increase their premiums so that they will be adequate.

12. I received notice from the federal government that it would not reimburse carriers that sell health benefit plans for cost-sharing reductions on Friday, October 13, 2017.

13. Based on the above information and to ensure that rates for 2018 are not inadequate, unfairly discriminatory or excessive in relation to the benefits offered, the Maryland Insurance Administration has found it necessary to invite carriers to submit an amended proposed rate filing for 2018. The Administration has sought guidance from the federal government about the process and ability to do so given that rates have already been announced. It is anticipated that the carriers will need to increase their rates.

2

14. CareFirst, Inc. submitted amended rates on October 17, 2017 seeking an increase for review and approval. It is also anticipated that Kaiser will also file amended rates and seek an increase. The Maryland Insurance Administration will face a significant administrative burden and additional time and expense to review the filings, particularly given the limited amount of time available, noting that the beginning of open enrollment is November 1, 2017.

15. Reducing the amount of time available to spend on the rate review program thwarts a valuable and important statutory mandate to ensure a sufficient, transparent, and public review of proposed premium increases. It will also cause significant consumer confusion about rate increases, particularly for the approximately 50,000 consumers who have already browsed for plans on Maryland's Health Benefit Exchange

16. Given the time constraints relating to the review of rates for 2018, it is possible that it may be necessary to request that the beginning of open enrollment be rolled back after the scheduled November 1, 2017 date. This will unfortunately lead to consumer confusion given the publicity that has been issued to notify the public of the date.

17. Plans and rates for 2018 have already been loaded on the Maryland Health Benefit Exchange's operating platform. Consumers have been browsing 2018 plan offerings and 2018-approved rates since October 2, 2017. If the federal government permits revised 2018 rate filings, the Maryland Health Benefit Exchange's entire 2018 Open Enrollment operating plan will have to be revised.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Al Redmer, Jr.
Maryland Insurance Commissioner

_____
10·17·17
Date

3