XAVIER BECERRA
Attorney General of California
JULIE WENG-GUTIERREZ
Senior Assistant Attorney General
GREGORY D. BROWN, SBN 219209
NIMROD P. ELIAS, SBN 251634
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5841
  Fax: (415) 703-5480
  E-mail:  Nimrod.Elias@doj.ca.gov
*Attorneys for Plaintiff the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE STATE OF CALIFORNIA; THE STATE OF CONNECTICUT; THE STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; THE STATE OF ILLINOIS; THE STATE OF IOWA; THE COMMONWEALTH OF KENTUCKY; THE STATE OF MARYLAND; THE COMMONWEALTH OF MASSACHUSETTS; THE STATE OF MINNESOTA; THE STATE OF NEW MEXICO; THE STATE OF NEW YORK; THE STATE OF NORTH CAROLINA; THE STATE OF OREGON; THE COMMONWEALTH OF PENNSYLVANIA; THE STATE OF RHODE ISLAND; THE STATE OF VERMONT; THE COMMONWEALTH OF VIRGINIA; and THE STATE OF WASHINGTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD J. TRUMP, President of the United States; ERIC D. HARGAN, Acting Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; STEVEN T. MNUCHIN, Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; and DOES 1-20,**<br><br>Defendants. | Case No. 4:17-cv-05895-KAW<br><br>**DECLARATION OF KATHARINE L. WADE, COMMISSIONER, CONNECTICUT INSURANCE DEPARTMENT ISO PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

1

Declaration of <u>Katharine L. Wade, Commissioner, Connecticut Insurance Department</u> ISO Plaintiffs' Application for a Temporary Restraining Order (4:17-cv-05895-KAW)

I, Katharine L. Wade, declare and say as follows:

1. I am Insurance Commissioner at the Connecticut Insurance Department, a Connecticut state department. I have served in this position for two years. The facts stated herein are of my own personal knowledge, and I could and would competently testify to them.

2. As the Commissioner, I am responsible for the Connecticut Insurance Department's rate review program, which is a statutory obligation of the Connecticut Insurance Department, Conn. Gen. Stat. § 38a-481. As part of the rate review program, the Connecticut Insurance Department reviews insurers' and health care centers' (HMOs or health plans) proposed rates in Connecticut's individual and small group healthcare insurance markets.

3. The rate review program serves a vital public purpose. It provides the Connecticut Insurance Department with an opportunity as a regulator of health plans to review proposed rate increases and announce to the public whether proposed rate increases are actuarially sound.

4. The Connecticut Insurance Department decided to conduct public rate hearings on a selection of rates filed with the Connecticut Insurance Department to require the companies to explain the reasons for the proposed increases and to allow the public to have an opportunity to provide comments. These rate hearings are called by the commissioner voluntarily under Conn. Gen. Stat. § 38a-481 and conducted pursuant to time frames for notice and decisions set by the Connecticut Insurance Department's agency rules of practice.  See, Regulations of Connecticut State Agencies 38a-8-1 et seq.

5. In cases of both public hearings and rates filed with the Connecticut Insurance Department that do not go to hearing the Connecticut Insurance Department allows for public comment to be made. Once the Connecticut Insurance Department has concluded its review, all final dispositions are posted for public access on its web site.

6. Health plans are required by law to file their proposed individual rate increases with the Connecticut Insurance Department at least 90 days before they are intended to be marketed, and plans that are subject to the Affordable Care Act (ACA) are required to file by a date annually prescribed by the Commissioner. This year carriers were required to file rates by May 1, 2017.

7. Allowing sufficient time for the Connecticut Insurance Department's review is important to ensuring that consumers have accurate information about their health plan's proposed rate increases and whether the Connecticut Insurance Department has found that rate

2

increases are supported by evidence that they are not excessive, inadequate, or unfairly discriminatory. This information is crucial for consumers when they are evaluating their enrollment options, and comparing premiums and networks.

8. Proposed rate increases depend entirely on the plans' assumptions about market conditions and rules during the relevant rating period. If those assumptions prove incorrect, that could have serious consequences for consumers and health plans.

9. The Connecticut Insurance Department reviews each rate filing to determine if the filing is actuarially justified.

10. Uncertainty regarding whether the federal government will fund reimbursements for cost sharing reductions (CSRs) has and will continue to cause wide variations in proposed rate increases for any year in which cost sharing reductions are not or may not be permanently funded. CSRs are subsidies that make health care coverage more affordable for qualifying consumers. CSRs are used to reduce out-of-pocket costs including copayments, coinsurance, deductibles and out-of-pocket maximums. Eligible consumers that purchase a silver-level plan will automatically receive these CSRs through an enhanced silver plan.

11. By law, health plans must provide CSRs to consumers, regardless of whether they are funded. If the federal government does not reimburse health plans for cost sharing reductions, health plans will need to increase their premiums in order to compensate for this loss to remain solvent.

12. By May 1, 2017, the Connecticut Insurance Department required carriers to file initial rates for 2018 plans with the assumption that CSRs would continue to be paid.

13. Between May 1, 2017 and May 15, 2017, carriers were able to amend the filed rates.

14. In June 2017, the Connecticut Insurance Department conducted rate hearings.

15. Carriers notified the Connecticut Insurance Department that the uncertainty surrounding the funding for the CSRs is creating market volatility and jeopardizing their ability to continue to participate in the market. For the 2017 plan year, there are only two (2) carriers on the exchange and in the individual market, Anthem and ConnectiCare Benefits Inc. (CBI).

16. On August 10, 2017, CMS issued guidance indicating that states could allow companies to make adjustments to rates based on lack of payment of CSRs.

3

17. On August 23, 2017, the Connecticut Insurance Department requested supplemental filings for silver on-exchange plans from Anthem and CBI, indicating how rates will be affected if CSR payments are not funded.

18. On August 30, 2017, Anthem and CBI filed updated rates with the Connecticut Insurance Department that included lack of funding for the CSR payments. Reviewing supplemental proposed rate increases imposed additional burdens in terms of resources and staff upon the Connecticut Insurance Department.

19. The Connecticut Health Insurance Exchange extended its carrier participation deadline to September 15, 2017.

20. On September 7, 2017, the Connecticut Insurance Department issued a proposed final decision and order disapproving the rates for Anthem and CBI and authorizing them to submit revised rates to the Connecticut Insurance Department for review.

21. On September 12, 2017, Anthem and CBI submitted revised rates to the Connecticut Insurance Department for review that were consistent with the recommendations set forth in the proposed final decision and order of September 7, 2017.

22. On September 13, 2017, the Connecticut Insurance Department issued a final order approving the rates filed on September 12, 2017 resulting in an average rate increase of 31.5% for Anthem and 27.7% for CBI.

23. The federal funding of the CSR payments for coverage year 2018 would have reduced the approved rate increases from 27.7% to 16.8% for CBI, and from 31.7% to 24.7% for Anthem.

24. On September 13, 2017, Anthem and CBI indicated they would remain on the Connecticut Health Insurance Exchange and in the individual health insurance market and offer plans to consumers for the 2018 plan year starting January 1, 2018.

4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 18, 2017.

Dated:  October 18, 2017

Katharine L. Wade

Connecticut Insurance Commissioner

Subscribed and sworn to me on this 18th day of October, 2017.

Notary Public

JOSEPH A. MEDINA
NOTARY PUBLIC
MY COMMISSION EXPIRES Sept. 16, 2020

5

Declaration of Katherine L. Wade, Commissioner, Connecticut Insurance Department ISO Plaintiffs' Application for a Temporary Restraining Order (4:17-cv-05895-KAW)