UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>DONALD J. TRUMP, et al., <br><br>　　　　　Defendants. | Case No.  17-cv-05895-VC <br><br> **ORDER RE BRIEFING** |

　　In its brief, the Administration should make sure to address the following questions, in no particular order and wherever in the brief that it's convenient:

- If the Administration plans to argue that the states are barred from seeking emergency relief in this court by virtue of their participation in the D.C. case, it should explain how the states would be able to get their request for emergency relief adjudicated promptly in that case.

- It appears that the federal government is now failing to meet its legal obligation, under the ACA, to reimburse insurance companies for covering co-payments and deductibles for low-income people (either because Congress failed to appropriate the money needed for those payments, or because the Administration is refusing to make payments for which funds have been appropriated).  Is there any reason to doubt that the insurance companies would prevail in a Tucker Act lawsuit to recover the required reimbursements?  If the insurance companies could indeed recover the reimbursements in a Tucker Act lawsuit, how does that affect the analysis of the merits and the balance of harms in this case?

- It appears that rates already have been set for insurance that can be purchased on the exchanges beginning November 1, 2017. It also appears that some insurance companies raised their premiums in anticipation of the likelihood they no longer would be reimbursed for covering deductibles and co-payments for low-income people. Can the Administration provide a state-by-state breakdown (perhaps in a supporting declaration) explaining whether insurance companies have in fact already raised their rates based on the assumption that the reimbursements will stop? And how do we know that the increases are related to the reimbursement issue, as opposed to something else?

- How common is it for Congress to require (not just authorize, but require) expenditures by the executive branch without making a permanent appropriation for those expenditures? Please give as many examples as possible (understanding the constraints of the deadline). If there are examples of Congress requiring expenditures without making a permanent appropriation, are there also examples of Congress having failed to make annual appropriations for the required expenditures, or has Congress always made annual appropriations to satisfy the federal government's legal obligation to make the payments? Has there been any litigation on this issue?

If the Administration needs to expand its brief to 35 pages to address these points, it may do so. It may also wait until noon Pacific time on Friday to file the brief. The states' reply brief can be up to 20 pages.

Incidentally, any amicus briefs are limited to 25 pages, and leave need not be sought to file an amicus brief so long as both sides consent to the filing.

Attorneys employed by the United States Department of Justice or a state Attorney General's office are exempt from the requirements of Civil Local Rule 11-3 regarding pro hac vice admission. Lawyers representing amici are exempt as well.

**IT IS SO ORDERED.**

Dated: October 19, 2017

_____
VINCE CHHABRIA
United States District Judge