FILED

FEB 28 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; and COMMONWEALTH OF VIRGINIA;<br>      **Plaintiffs**,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; U.S. DEPARTMENT OF DEFENSE; PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense; MARK T. ESPER, in his official capacity as Secretary of the Army; RICHARD V. SPENCER, in his official capacity as Secretary of the Navy; HEATHER WILSON, in her official capacity as Secretary of the Air Force; U.S. DEPARTMENT OF THE TREASURY; STEVEN T. MNUCHIN, in his official capacity as Secretary of the Department of the Treasury; U.S. DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Acting Secretary of the Interior; U.S. DEPARTMENT OF HOMELAND SECURITY; KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security;<br>      **Defendants**. | **Case No.:** <u>C17-5895-VC</u><br><br>**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**<br><br><br>**AMICUS CURIAE** |

# MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF U.S. DEFENDANTS

1.     Comes now, THOMAS T. SCAMBOS, JR., a.k.a. THOMAS FREED, writing on behalf of *We the People of the United States of America* and in the interest of the preservation of the *process* required under the Constitution of the United States of America, who hereby *moves* this honorable court for leave of the court to file the attached brief as *amicus curiae* in support of the defendants, addressing the district court's **lack** of *original jurisdiction* over the entire civil action under Article III, Section 2, clause 2 of the U.S. Constitution.

2.     This Court has discretion to accept amicus curiae briefs. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). The participation of an amicus curiae is appropriate "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Id. at 137 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). In particular, courts have "permitted parties to file amicus briefs where 'the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *In re Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (quoting *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); see also *Hard Drive Prods., Inc. v. Does 1-1*, 495, 892 F. Supp. 2d 334, 337 (D.D.C. 2012).

3.     Mr. Scambos asks for the Court's permission to submit this brief on behalf of the citizens of the un-named, non-plaintiff states of the United States of America because they, like the citizens of the plaintiff states, and of every state in the nation, have an equal, and just as particularly strong an interest as the plaintiff states themselves, in the disposition and final outcome of the case in the district court proceedings. The *amicus* brief will help inform the Court on the very important **key** and *controlling* points of the Supreme Law of the U.S. Constitution, which are vital to the proper resolution of this

action in the district court under its **controlling** *declaration* of the applicable ***original jurisdiction*** that exists to hear and adjudicate this civil action in a federal court.

4.  For the foregoing reasons, the *Motion for Leave* to file a brief as *amicus curiae* should be granted. If such relief is granted, it is requested that the accompanying brief be considered filed as of the date of this motion's filing.

5.  The proposed *amicus* brief is attached as Exhibit 1 to this motion. A proposed order is attached as Exhibit 2.

Respectfully submitted,

/s/ *Thomas T. Scambos, Jr.*
Thomas T. Scambos, Jr.
Writing For *We the People*

EXHIBIT 2

RECEIVED
FEB 28 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; and COMMONWEALTH OF VIRGINIA;<br>    **Plaintiffs**,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; U.S. DEPARTMENT OF DEFENSE; PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense; MARK T. ESPER, in his official capacity as Secretary of the Army; RICHARD V. SPENCER, in his official capacity as Secretary of the Navy; HEATHER WILSON, in her official capacity as Secretary of the Air Force; U.S. DEPARTMENT OF THE TREASURY; STEVEN T. MNUCHIN, in his official capacity as Secretary of the Department of the Treasury; U.S. DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Acting Secretary of the Interior; U.S. DEPARTMENT OF HOMELAND SECURITY; KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security;<br>    **Defendants**. | Case No.: <u>C17-5895-VC</u><br><br>[PROPOSED] ORDER GRANTING THE MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTs<br><br><br>**AMICUS CURIAE** |

# [PROPOSED] ORDER GRANTING THE MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTs

It is ORDERED that the motion of Thomas T. Scambos, Jr. for leave to file an *amicus curiae* brief in support of the Defendants, filed with this Court on or about February 27th, 2019, is hereby GRANTED; and it is further

ORDERED that the Brief of Amicus Curiae in Support of the Defendants is deemed filed in the above-captioned proceeding.

IT IS SO ORDERED.

_____
United States District Judge

Dated: _____, 2019

EXHIBIT 1



RECEIVED
FEB 28 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; and COMMONWEALTH OF VIRGINIA;<br>    **Plaintiffs**,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; U.S. DEPARTMENT OF DEFENSE; PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense; MARK T. ESPER, in his official capacity as Secretary of the Army; RICHARD V. SPENCER, in his official capacity as Secretary of the Navy; HEATHER WILSON, in her official capacity as Secretary of the Air Force; U.S. DEPARTMENT OF THE TREASURY; STEVEN T. MNUCHIN, in his official capacity as Secretary of the Department of the Treasury; U.S. DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Acting Secretary of the Interior; U.S. DEPARTMENT OF HOMELAND SECURITY; KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security;<br>    **Defendants.** | Case No.: <u>C17-5895-VC</u><br><br>**BRIEF OF AMICUS CURIAE IN SUPPORT OF DEFENDANTS ON THE *LACK OF original jurisdiction* OF THE COURT Under Article III, Section 2, clause 2 of the U.S. Constitution**<br><br><br>**AMICUS CURIAE** |

# BRIEF OF AMICUS CURIAE

1.  Federal Rules of Civil Procedure, Rule 12(b), provides that a district court can *dismiss* a *Complaint* for **lack** of a granted *subject-matter jurisdiction* or for a "*failure to state a claim upon which relief can be granted by the court*", if the court in which a *Complaint* is filed fundamentally **lacks** jurisdiction over the civil action, **or** the parties to the action.

2.  Under Article III, Section 2, Clause 2 of the United States Constitution there is a clear **lack of** a *subject-matter jurisdiction* in this case that can be taken by this district court over this civil action (and *Complaint*), because of an irrefutable *constitutional* **lack** of any granted "*original jurisdiction*" of the district court over the *Complaint* that has been filed in this court by the named plaintiff States.

3.  Article III, Section 2, Clause 2 of the United States Constitution plainly and clearly states:

    > "In all Cases affecting Ambassadors, other public Ministers and Consuls, **and those** in which **a State shall be a party,** the supreme Court shall have original Jurisdiction"
    >
    >                                                                              (emphasis added)

4.  By this provision of the Constitution of the United States of America, the federal district Courts **are entirely removed from any and all exercisable jurisdiction** to **both** hear the action or entertain **any** arguments in this matter, because the named plaintiff States of New York, New Jersey, Connecticut, and Maryland have filed their *Complaint* in the **wrong** court.

5.  The plaintiffs err in asserting jurisdiction under only the statutes invoked in their *Complaint* (page 8, Dkt. #1), *i.e.:* Title 28 U.S.C. Sections 1331 and 2201.

    > "It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal [United States Supreme Court], two things

are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, <u>and an act of Congress must have supplied it</u>. . . ." [Emphasis in original.] *Finley v. United States,* 490 U.S. 545 (1989).

"So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the Federal courts." *Shoshone Mining Co. v. Rutter,* 177 U.S. 505, 513 (1900).

"Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life ins. Co. of America,* 511 US 375 (1994)

6.   Section 2201 is erroneously invoked because it explicitly removes itself from applicability to civil actions like the one filed here, which is based on the plaintiff states *factually* <u>un</u>supported *paranoid* **fears** of events that *may possibly* happen in the future, or that *might* happen in the future, but which *feared* events of *"actual controversy"* have **not yet happened** in reality.

> **§ 2201 Creation of Remedy**
>
> **a.)** In a case **of actual controversy** within its jurisdiction, except with respect to Federal taxes ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

7.   Without an *"actual controversy"* that has factually occurred, the civil action is without statutory foundation in this statute and is clearly prematurely filed as the case is not **yet** *ripe* for litigation in the court, or adjudication by it.

3

8. Furthermore, most of the plaintiff states named in this action have **no** business; and therefore have **no** jurisdiction, and have **no** proper venue, in this lower district court in California, under the 9th Circuit Court of Appeals authority.

9. Maine is in the 1st Circuit; New York and Connecticut are in the 2nd Circuit; New Jersey & Delaware are in the 3rd Circuit; Maryland and Virginia are in the 4th Circuit; Michigan is in the 6th Circuit; Illinois is in the 7th Circuit; Minnesota is in the 8th Circuit; and Colorado and New Mexico are in the 10th Circuit. Only California, Nevada, Hawaii, and Oregon have a proper standing and venue in this court.

10. Clearly, the plaintiff states located in the Circuits other than the 9th Circuit, are improperly stepping **outside** of their own lawful jurisdictions in order to "*cherry-pick*" a specific court to sue in, in order to avoid the inevitable seven different and conflicting rulings that would result in the different cases if each state sued in its own proper jurisdiction (in a district court within its own, geographically determined, Circuit Court's domain).

11. It is precisely for this reason (*i.e.*: to **avoid** the inevitable delays in the administration of the federal government that would arise out of multiple conflicting lower court decisions, orders, and injunctions), that the Founding Fathers took the time to specifically have the Constitution give **only** the Supreme Court of the United States the *original jurisdiction* over this civil action, and necessary to hear and adjudicate the action in the court.

12. Clearly, **over 230 years ago** the Founding Fathers **foresaw** this type of states' objection-based rebellion, against the federal exercise of constitutionally granted powers, and that group of brilliant geniuses "*headed them off at the pass*", so to speak, with this clause of the Constitution (Art. III, Sec. 2, cl. 2) placing *original jurisdiction* over these types of State instituted civil actions against the federal government – to interfere in the administration and operation of the federal government, **only** with the <u>**Supreme Court**</u> of the United States of America. The plaintiff's filed in the **wrong court**.

4

13. Where the issue of the foundational jurisdiction of the district court is not properly or fully addressed by the plaintiffs in their *Complaint*, or where it is asserted by the plaintiffs **in error**, the district court itself has the legal duty to address and determine the presence of a jurisdiction that the court may lawfully take, **or the *lack* thereof**.

> "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper*, 102 F.2d 188; *Chicago v. New York*, 37 F.Supp. 150

> "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F.2d 416

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." *Melo v. U.S.*, 505 F.2d 1026 (1974)

> "Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation. If parties do not raise question of lack of jurisdiction, it is the duty of the federal court to determine the manner *sua sponte*." Title 28 U.S.C.A. §§ 1331, 1332."

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life ins. Co. of America*, 511 US 375 (1994)

## Conclusion

14. Therefore, under Article III, Section 2, clause 2 of the Constitution of the United States of America, this district court should dismiss this civil action in its entirety, with *prejudice*, from the lower federal district court for **lack** of any grant of the constitutionally required *original jurisdiction* of the district court that exists over the civil

action. The plaintiff states should therefore be *ordered* by this honorable court to refile their *Complaint* in the United States Supreme Court.

> In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g.*, *Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43, (1997). *Bell v. Hood, supra*; *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676, 678 (per curiam); *United States v. Augenblick*, 393 U.S. 348; *Philbrook v. Glodgett*, 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act. Pp. 93-102. *Steel Co., aka Chicago Steel & Picking Co. v. Citizens for a Better Environment*, No. 96-643, 90 F.3d 1237 (1998)

15. The sixteen plaintiff States have filed their *Complaint* in the wrong court because under Article III, Section 2 of the Constitution of the United States of America, the district court **irreparably** *lacks original jurisdiction* over the civil action.

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

16. If the plaintiff States truly wish to proceed with an attempt to prosecute the *claims* laid in their civil action against the defendant United States of America, then, under Article III, Section 2, clause 2 of the U.S. Constitution, the *Complaint* must be re-filed **anew** in the Supreme Court of the United Sate of America, and <u>nowhere else</u>, as no other

federal court in America possesses the ***constitutional* grant** of ***original jurisdiction*** necessary under the U.S. Constitution to lawfully entertain and adjudicate the civil action in the federal courts.

Respectfully submitted,

/s/ *Thomas T. Scambos, Jr.*

Thomas T. Scambos, Jr.
Writing For *We the People*

(540) 937-3098
Freed_Thomas@yahoo.com

**CERTIFICATE OF SERVICE**

I, Thomas T. Scambos, Jr., certify that a true copy of the attached *Motion for Leave, amicus curiae Brief* on the *original jurisdiction* of the Supreme Court over this entire civil action, and *Proposed Order* have all been served via EMail to all of the following AG offices:

All served by emails or fax # provided in the *Complaint*

| | |
|---|---|
| California Atty.: | Lee.Sherman@doj.ca.gov; |
| NY AG: | Matthew.colangelo@ag.ny.gov; |
| Maine AG: | Susan.Herman@Maine.gov; |
| New Mexico AG: | tmaestas@nmag.gov; |
| Virginia AG: | SolicitorGeneral@oag.state.va.us; |
| Connecticut AG: | Margaret.chapple@ct.gov; |
| Illinois AG: | crush@atg.state.il.us; |
| Hawaii AG: | Clyde.J.Wadsworth@hawaii.gov; |
| Maryland AG: | jdunlap@oag.state.md.us; |
| New Jersey AG: | Jeremy.Feigenbaum@njoag.gov; |
| New Mexico AG: | tmaestas@nmag.gov; |
| Minnesota AG: | jacob.campion@ag.state.mn.us; |
| Nevada AG (fax): | 17756841108@myfax.com; |
| CA. AG (fax): | 12138977605@myfax.com; |

William P. Barr, U.S Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ Thomas T. Scambos, Jr.

Thomas T. Scambos, Jr.
Writing For *We the People*

19400 Walnut Hills Rd
Jeffersonton, VA 22724
(540) 937-3098

February 25th, 2019

T. Scambos
19400 Walnut Hills Rd.
Jefferson, VA 22724

CERTIFIED MAIL®

7018 3090 0000 4611 0734



RECEIVED
FEB 28 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Susan Y. Soong, Clerk
United States District
450 Golden Gate Ave
San Francisco, CA 94



U.S. POSTAGE PAID
FCM LG ENV
SAINT AUGUSTINE, FL
32084
FEB 25, 19
AMOUNT
**$4.80**
R2304M112638-13

1000    94102

k of the Court
Court
nue, Box 36060
102-3489